66 F.3d 336
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Floyd SCOTT, Plaintiff-Appellant,
v.
D.V. ROTHCHILD, Officer; C.A. Miller; Henry Lawrence,
Defendants-Appellees.
 No. 94-16586.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 5, 1995.*
Decided Sept. 8, 1995.
 
 Before: GOODWIN, WIGGINS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California state prisoner Floyd Scott appeals pro se the district court's summary judgment in favor of prison officials at Pelican Bay State Prison in Scott's 42 U.S.C. Sec. 1983 action alleging that he was wrongfully disciplined in retaliation for filing an administrative appeal against a prison official. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990), and we affirm.
 
 
 3
 * Background
 
 
 4
 Defendant D.V. Rothchild, a correctional officer, filed a disciplinary report against Scott for failing to obey an order. A disciplinary hearing was conducted before defendant Lieutenant C.A. Miller and Scott was found guilty of failing to obey Rothchild's order. Scott was assessed a thirty day loss of credit. A prison classification committee upheld Scott's penalty, but also imposed additional penalties by changing Scott to a non-credit earning status and increasing his custody level.[1] In his section 1983 action Scott alleged that he was wrongfully disciplined by prison officials in retaliation for previously filing an administrative appeal against Rothchild.[2]
 
 II
 Discussion
 
 5
 Scott contends that the district court erred in entering summary judgment because he was retaliated against for filing an administrative appeal against Rothchild. This contention lacks merit.
 
 
 6
 "A prisoner suing prison officials under section 1983 for retaliation must allege that he was retaliated against for exercising his constitutional rights and that the retaliatory action does not advance legitimate penological goals, such as preserving institutional order and discipline." Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir.1994).
 
 
 7
 The district court determined that there were three instances where Scott alleged retaliation by the defendants. First, Scott alleged that Rothchild retaliated against him for filing an administrative appeal against Rothchild. Second, Scott alleged that Miller retaliated against him for filing the administrative appeal by finding him guilty at his disciplinary hearing. Third, Scott alleged that the members of the classification committee retaliated against him by imposing additional penalties.
 
 A. Retaliation by Rothchild
 
 8
 Scott claims that Rothchild filed a disciplinary report in retaliation of Scott's filing an administrative appeal against Rothchild. In moving for summary judgment, the defendants presented Rothchild's affidavit that states that Rothchild issued the disciplinary report after Rothchild saw Scott watching a chess game and disobeyed Rothchild's order to get back to work. In opposing summary judgment, Scott failed to set forth evidence to support his claim. His affidavit contains only unfounded allegations that Rothchild was retaliating against him for filing an administrative appeal.
 
 B. Retaliation by Miller
 
 9
 In moving for summary judgment defendants submitted Miller's affidavit. In the affidavit, Miller provided non-retaliatory reasons for finding Scott guilty of violating Rothchild's order. Scott failed to produce evidence that would support his claim that Miller's guilty verdict was a result of retaliation.
 
 
 10
 C. Retaliation by Members of Classification Committee
 
 
 11
 Scott claimed that the classification committee retaliated against him by affirming Miller's decision and increasing his punishment. In moving for summary judgment, the defendants introduced affidavits by members of the classification committee stating that there was no discussion amongst committee members with respect to Scott's filing of an administrative appeal. Scott failed to present evidence to contradict these statements. Further, the record also shows that the committee based its decision on (1) Rothchild's disciplinary report; (2) the fact that the incident was work-related; and (3) Scott's belligerent attitude during his classification hearing.
 
 
 12
 Because there was some evidence to support the defendants' actions, and because Scott's penalty served the legitimate penological purpose of maintaining prison discipline, the district court properly granted summary judgment. Id.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 After further review of Scott's penalty, it was later reduced to the original penalty of 30 days loss of credit
 
 
 [2]
 Scott alleged that Rothchild had incorrectly marked Scott absent from a work assignment